[Civ. No. 699.   Third Appellate District.—May 26, 1910.]

OSCAR J. BROADDUS, Administrator, etc., et al., Respondents, v. MELVIN MONROE JAMES et al., Appellants.

NEW TRIAL—REFUSAL TO DISMISS PROCEEDINGS—BILL OF EXCEPTIONS—AMENDMENTS ACCEPTED—FAILURE TO SERVE SETTLED BILL.—The court properly refused to dismiss the proceedings on motion for a new trial, merely for failure to serve the adverse party with the settled bill of exceptions, where it appears that, after service of the proposed bill and amendments thereto, the amendments were expressly accepted by the moving party. In such case, no notice of the settlement of the bill is required, and the settled bill is only required to be filed, without service thereof upon the adverse party.

ID.—REQUIREMENT OF SERVICE OF SETTLED BILL—CONTROVERTED AMENDMENTS—NOTICE OF SETTLEMENT.—The requirement of service of a settled bill of exceptions is limited by the statute to the case where the proposed bill and proposed amendments are controverted. In such case, notice of the hearing for the settlement of the bill is essential; and when the bill is settled, it must be engrossed by the moving party, and presented by him for proper certification within five days, after which the certified bill must be served upon the adverse party.

ID.—FOLLOWING STATUTE IN PARTICULAR CASE.—While it is true that an appellant must follow closely the provisions of the statute, in

order to have his appeal perfected, it is equally true that he is not required to do more than the statute demands in the particular case.

APPEAL from an order of the Superior Court of Mendocino County, refusing to dismiss proceedings for a new trial. J. Q. White, Judge.

The facts are stated in the opinion of the court.

McNab & Hirsch, and D. W. Burchard, for Appellants.

Mannon & Mannon, for Respondents.

BURNETT, J.—The appeal is from an order made after judgment denying a motion to dismiss the proceedings for a new trial. The only ground for the motion was that the bill of exceptions, after having been certified by the trial judge, was not served upon defendants in the action, who are appellants herein.

After plaintiffs served their proposed bill, the defendants in due time proposed their amendments to the same. These were all accepted by said plaintiffs, whose counsel so informed one of the attorneys for defendants on the twenty-ninth day of July, 1908. On the same day plaintiffs presented to the trial judge the proposed bill and the amendments, and the judge thereupon, in the absence of, and without notice to, the defendants or their counsel, certified the bill so presented. The certified bill was filed but not served upon the defendants or their counsel.

We think the motion was properly denied. Section 650 of the Code of Civil Procedure, under which the proceeding was taken, as it read at the time of the said settlement of the bill, did not require, where all the amendments proposed are allowed, that the certified bill should be served upon the adverse party. As pointed out by plaintiffs: "Two proceedings are evidently contemplated by said section 650—one in which the adverse party proposes amendments which are contested, and subsequently settled on notice to the parties designating the time for settlement; and another in which there is no controversy in regard to amendments, but either no amendments are proposed, or if any such are proposed, they are

adopted by the person seeking the settlement of the bill, and the bill is filed with the clerk.'' In regard to the first contingency, the section provides how the matter may be brought to a hearing, and then directs that ''At the time designated the judge must settle the bill. The bill must thereupon be engrossed and presented to the judge to be certified by the party presenting it, within ten days, and upon being certified must, within five days thereafter, be served upon the adverse party.'' The statute then provides for the case where there is no contest in reference to the bill, as follows: ''If no amendments are served, or if served are allowed, the proposed bill may be presented, with the amendments, if any, to the judge or referee for settlement, without notice to the adverse party. . . . When settled, the bill must be signed by the judge or referee, with his certificate to the effect that the same is allowed, and must then be filed with the clerk.'' It is thus to be seen that in a case like the one before us no service of the bill as settled is required.

While it is true, as contended by defendants, that an appellant must follow closely the provisions of the statute in order to have his appeal perfected, it is equally true that he is not required to do more than the statute demands.

The order appealed from is affirmed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on July 21, 1910.